UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>ERIC FRAZIER )  | No. 2:97 CR 88 |

**OPINION and ORDER**

This matter is before the court on the motion of defendant Eric Frazier for a reduction of his sentence pursuant to the First Step Act of 2018, H.R. 5682, 115th Cong. (Dec. 21, 2018). (DE # 894.) For the reasons set forth below, the motion is granted.

**I.   BACKGROUND**

In 1998, defendant pleaded guilty to conspiracy with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of crack cocaine. (DE # 891.) The offense carried a statutory penalty of 10 years to life imprisonment, plus a minimum of 5 years of supervised release. (*Id.*) At sentencing, the court concluded that defendant was responsible for greatly in excess of 1.5 kilograms of crack. (*Id.*) Defendant's sentencing range under the United States Sentencing Guidelines was life imprisonment. (*Id.*) The court sentenced defendant to imprisonment, plus 5 years of supervised release. (*Id.*) The court later reduced defendant's sentence to a 384-month term of imprisonment pursuant to Amendment 782 to the Guidelines. (DE # 828.)

Through appointed counsel, defendant now moves for a reduction of his sentence pursuant to the First Step Act of 2018. (DE # 894.)

## II.     DISCUSSION

The First Step Act of 2018 independently authorized a district court to resentence eligible defendants as if the statutory penalties of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, S. 1789, 111th Cong. (Aug. 3, 2010), were in effect at the time of the original sentencing. The purpose of the First Step Act was "to address the disparities between sentences for crack and powder cocaine." *United States v. Shaw,* 957 F.3d 734, 735 (7th Cir. 2020).

At the outset, the Government argues that defendant should be ineligible for First Step Act relief with respect to his offense (Count 1), which involved both powder and crack cocaine, because the First Step Act is aimed at rectifying unfairness regarding crack cocaine, only. The court acknowledges that the Seventh Circuit Court of Appeals has yet to formally rule on this issue. However, this court joins the "[n]umerous district courts" who have decided that "a defendant's offense is still 'covered' within the meaning of section 404(a) of the First Step Act when the defendant was convicted of a multiple-objective conspiracy." *United States v. Taylor,* No. 04 CR 495-38, 2020 WL 2476529, at *4 (N.D. Ill. May 13, 2020) (collecting cases and adopting "majority" position that defendants may be eligible for relief under First Step Act in cases involving both crack cocaine and other controlled substances); *United States v. Coates,* No. 04 CR 464-4, 2020 WL 2745974, at *2 (N.D. Ill. May 27, 2020) (adopting majority position). Thus, the court rules that the inclusion of powder cocaine in Count 1 does not affect defendant's *eligibility* for First Step Act relief on that count (though, the inclusion of powder cocaine

2

in Count 1 may affect the degree of relief ultimately appropriate). This issue aside, the parties appear to otherwise agree that defendant is eligible for a reduction in his sentence under *Shaw*, 957 F.3d at 735.

Having concluded that defendant is eligible for First Step Act relief, the court now considers whether a reduction in defendant's sentence is appropriate. As recommended by *Shaw*, 957 F.3d at 741-42, the court considers defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to defendant's request. The court's prior consideration of the § 3553(a) factors explained at sentencing remains valid.

First, the court acknowledges that defendant was involved in a vast, long-term cocaine and crack conspiracy. *United States v. Frazier*, 213 F.3d 409, 411 (7th Cir. 2000). The harmful effects of these drugs on Northwest Indiana cannot be overstated. Many lives have been impacted negatively due to defendant's involvement in drug trafficking. However, the court has seriously examined defendant's positive rehabilitation during incarceration. Defendant has taken numerous courses while incarcerated, and completed the coursework and testing necessary to earn his GED, despite facing a life sentence for most of his incarceration. His BOP supervisors have independently characterized him as a "role model" for other inmates. Defendant is active in the BOP's suicide companion program, which involves watching over inmates who have been placed on suicide watch. Defendant participates in a conflict avoidance

3

program where he speaks to both adults and high school students. In 2019, defendant was briefly furloughed as part of his transfer between facilities. Specifically, the BOP entrusted him with the freedom to travel independently by bus for 21 hours from FCI Milan to FCI Duluth; he self-surrendered at his new facility as required. The court also acknowledges that defendant has incurred very few institutional infractions. The court has further considered the positive statements of family and friends submitted in support of this and prior motions. Deterrence is also an important consideration; the court finds that the 22 years of incarceration defendant has already served to be an appropriate deterrent for both this particular defendant and for others. The court has also thoroughly considered the advisory Sentencing Guidelines range applicable to defendant, which is currently 324-405 months.

Having balanced all of the factors and considerations set forth above, the court finds that a sentence at the low end of the Guidelines range (specifically, 324 months) is appropriate. This sentence conforms to the effects the Fair Sentencing Act had on the statutory penalties applicable to Count 1; that count is subject to a statutory penalty of 10 years to life imprisonment given the sheer volume of powder cocaine at issue. 21 U.S.C. § 841(b)(1)(A). A sentence of 324 months is within these bounds.

### III. CONCLUSION

For the foregoing reasons, the court **GRANTS** defendant's motion for a reduction in his sentence under the First Step Act (DE # 894) as follows: defendant's term of imprisonment is reduced to 324 months. However, if the term of imprisonment is less than the amount of time defendant has already served, the term of imprisonment is reduced to time served. Except as provided herein, all provisions of the original and amended judgments shall remain in effect.

This order is effective immediately; however, if this order reduces the defendant's sentence to time served, **RELEASE OF THE DEFENDANT IS STAYED** but only for the time period necessary for the Bureau of Prisons to accomplish the following tasks required by law, which period **MAY NOT EXCEED** ten (10) days from the date this order is entered on the docket: (1) to permit adequate time to collect DNA samples from the defendant (42 U.S.C. § 14135a); (2) to notify victims and witnesses (18 U.S.C. § 3771); (3) where applicable, to notify law enforcement officials of release of a violent offender and notify sex offender registration officials of release of a sex offender (18 U.S.C. § 4042 (b) & (c)); and (4) where applicable, to review defendant for possible civil commitment as a sexually dangerous person (18 U.S.C. § 4248).

**SO ORDERED.**

Date: August 25, 2020

s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT